PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:    510/832-5001
Facsimile:    510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
CINDY FOURNIER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY FOURNIER<br><br>   Plaintiff,<br><br>   v.<br><br>JAG ONE, INC dba MONARCH INN,<br><br>   Defendant. | Case No. 1:21-cv-01479-NONE-EPG<br><br>**CONSENT DECREE AND ORDER FOR INJUNCTIVE RELIEF FOR INJUNCTIVE RELIEF ONLY**<br><br>(ECF No. 14) |

1. Plaintiff CINDY FOURNIER filed a Complaint in this action on September 30, 2021, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws and to obtain recovery of damages for discriminatory experiences, denial of access, and denial of civil rights against Defendant JAG ONE, INC dba MONARCH INN.  Plaintiff has alleged that Defendant violated Title III of the ADA; Sections 51, 52, 54, 54.1, and 54.3 of the California Civil Code; and Health and Safety Code §§ 19953 *et. seq.* by failing to provide full and equal access to patrons and their service dogs at the Monarch Inn located at 5059 Highway 140, Mariposa, California.

2. In order to avoid the costs, expense, and uncertainty of protracted litigation, Plaintiff and Defendant JAG ONE, INC dba MONARCH INN (together sometimes the "Signing Parties") agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief, damages, and attorneys' fees, litigation expenses and costs, raised in the Complaint without the need for protracted litigation.  All claims remain disputed by

Defendants and this Consent Decree and Order shall not be deemed an admission of liability. Accordingly, the Signing Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for relief.

**JURISDICTION:**

3. The Signing Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Civil Code sections 51, 54, and 54.1.

4. In accordance with the provisions of 28 U.S.C. section 636(c) the Parties voluntarily consent to have a United States magistrate judge conduct all proceedings.

WHEREFORE, the Signing Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendant for injunctive relief that have arisen out of the subject Complaint.

6. The Signing Parties agree and stipulate that any policies adopted shall be carried out in compliance with the standards and specifications for disabled access federal and state accessibility, unless other standards are specifically agreed to in this Consent Decree and Order.

    a.    **Policy Based Remedial Measures and Administrative Procedures:**

        i.    Defendant shall adopt the Service Animal Policy attached as **Exhibit A** and train their staff within 30 days from the date of the filing of this document.  Defendant shall adopt this agreement for all locations at which they operate.

        ii. Defendant agrees that within 45 days from the date of filing this document with the Court, Defendant will make the following policy and training commitments:  All staff, including but not limited to managers and front desk employees, will be trained to implement the new service animal policy attached as **Exhibit A** and offer reasonable accommodations for disabled persons, including affirmatively inquiring with disabled patrons as to whether they may need any reasonable accommodations. Defendant agrees to make reasonable accommodations in their policies and practices when interacting with disabled patrons. Defendant shall include this training in the process of retaining all new personnel hires interacting with the public or supervising those who do.

        iii. Defendant shall maintain accessible feature, which includes training any new employees regarding their Service Animal Policy, and keeping this policy as part of their employee handbook and/or training manual.

b. **Timing**: All policy measures will be implemented within 45 days of filing of this document.  In the event that unforeseen difficulties prevent Defendant from completing any of the agreed-upon injunctive relief, Defendant or its counsel will notify Plaintiff's counsel in writing within seven (7) days of discovering the delay.  Plaintiff will have thirty (30) days to investigate and meet and confer with Defendant, and to approve the delay by stipulation or otherwise respond to Defendant's notice.  If the Signing Parties cannot reach agreement regarding the delay within that time period, Plaintiff may seek enforcement by the Court.

c. Defendant or defense counsel will notify Plaintiff's counsel when the

              policy is implemented and the training is completed, and, whether completed or not, will provide a status report to Plaintiff's counsel no later than March 1, 2022.

      d.      If Defendant fails to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorney's fees for any compliance work necessitated by Defendant's failure to keep this agreement.  If the Signing Parties disagree, the Signing Parties agree to participate in a Magistrate Judge-conducted Settlement Conference for the purposes of resolving the disputed fees.  If the Settlement Conference fails to resolve the fee dispute, Plaintiff may seek relief via motion for an order directing the Defendant to pay Plaintiff's counsel reasonably incurred fees.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

      7.      The Parties have reached a separate settlement agreement regarding Plaintiff's claims for damages, attorneys' fees, and litigation expenses, which agreement fully and finally resolves Plaintiff's claims for damages, including attorneys' fees and litigation costs and expenses against Defendant.  The Parties jointly request that the Court retain jurisdiction to enforce that agreement.

**ENTIRE CONSENT DECREE AND ORDER:**

      8.      This Consent Decree and Order constitute the entire agreement between the Signing Parties on the matters of injunctive relief, damages, attorneys' fees, litigation expenses, and costs, and no other statement, promise, or agreement, either written or oral, made by any of the Signing Parties or agents of any of the Signing Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the

matters of injunctive relief described herein.

**CONSENT DECREE AND ORDER BINDING ON SIGNING PARTIES AND SUCCESSORS IN INTEREST:**

9. This Consent Decree and Order shall be binding on Plaintiff, Defendant, and any successors-in-interest. Defendant has a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

10. Except for all obligations required in this Consent Decree and Order each of the Signing Parties to this Consent Decree and Order, on behalf of each of their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

11. Each of the Signing Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Signing Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Signing Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Signing Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter

discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

12. Except for all obligations required in this Consent Decree and Order each of the Signing Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

13. This Consent Decree and Order shall be in full force and effect for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court.

**SEVERABILITY:**

14. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms remain in full force and effect.

**SIGNATORIES BIND SIGNING PARTIES:**

15. Signatories on the behalf of the Signing Parties represent that they are authorized to bind the Signing Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

1
2
**END OF PAGE.
SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | |
|---|---|---|
| 1 | Dated: January 18, 2022, 2022 | PLAINTIFF CINDY FOURNIER |
| 2 | | |
| 3 | | __/s/ Cindy Fournier____ |
| | | CINDY FOURNIER |
| 4 | | |
| 5 | Dated: January 20, 2022 | DEFENDANT JAG ONE, INC. |
| 6 | | |
| 7 | | By: ___/s/ Ambrish Patel_____ |
| | | Print name:__Ambrish Patel_____ |
| 8 | | Title: __Officer_____ |
| 9 | | |
| 10 | Approved as to form: | |
| 11 | Dated: January 19, 2022 | REIN & CLEFTON |
| 12 | | |
| 13 | | _____/s/ Aaron M. Clefton |
| | | By: AARON M. CLEFTON, ESQ. |
| 14 | | Attorneys for Plaintiff |
| | | CINDY FOURNIER |
| 15 | | |
| 16 | Dated: January 17, 2022 | LEVANGIE LAW GROUP |
| 17 | | |
| 18 | | ____/s/ Jeffery C. Long___ |
| | | By: JEFFERY C. LONG, ESQ. |
| 19 | | Attorneys for Defendant |
| | | JAG ONE, INC. |

## **ORDER**

Pursuant to parties' stipulation (ECF No. 14), IT IS ORDERED that the proposed consent decree and order for injunctive relief is approved. The parties having otherwise settled all other matters, *i.e.*, Plaintiff's claims for damages, attorneys' fees, and litigation expenses, IT IS ORDERED that this action has been terminated, Fed. R. Civ. P. 41(a)(1)(A)(ii). Accordingly, the Clerk of Court is directed to close this case subject to reopening based on the terms of the consent decree. The Court retains jurisdiction over the parties' settlement agreement.

IT IS SO ORDERED.

Dated: **February 3, 2022**            /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE